BRENDA C. ARMSTEAD,

        Plaintiff,

v.                                    Case No:  6:18-cv-586-Orl-40GJK

ROBERT PICKUS and OFFICER
APPONTE,

        Defendants.

_____/

## **ORDER**

This cause comes before the Court on *pro se* Plaintiff's Motion for Reconsideration (Doc. 9), filed August 21, 2018. Defendants did not file a response, and the Court does not require one to resolve this motion. Upon consideration, the motion is due to be denied.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Monticello Ins. Co. v. Dynabilt Mfg. Co.*, No. 605CV548ORL19DAB, 2005 WL 3019241, at *2 (M.D. Fla. Nov. 10, 2005). "There are three grounds for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* Reconsideration of a prior order requires the moving party to "set forth facts or law of a strongly convincing nature." *Id.*

Plaintiff has failed to establish grounds for reconsideration. *See Monticello Ins. Co.*, 2005 WL 3019241, at *2; (Doc. 9). Plaintiff offers no new evidence, cites no changes in law, and does not establish any need to remedy an error or injustice. Instead, Plaintiff argues for reconsideration because otherwise "this Court will never receive the credit for

this divine solution to the problems our planet has to deal with . . . ." (Doc. 9). Plaintiff also states that she is "no longer to be a Plaintiff [in this case]." (*Id.*). These nonsensical statements clearly do not establish grounds for reconsideration. *See Monticello Ins. Co.*, 2005 WL 3019241, at *2; (Doc. 9).

Accordingly, Plaintiff's Motion for Reconsideration (Doc. 9) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on October 24, 2018.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties